the dam, and that is connected with the boat by chains and a hoisting apparatus, and the upper section of the dam is fixed to the boat, with the other sections hanging from it. This determines that the drills shall be operated in reference to the movements of the boat. On the contrary, General Newton operates his drills in reference to the immovable rock.

The allegations of the bill, so far as they assert that General Newton proceeded, in constructing his apparatus, in intentional imitation of Lewis, are not sustained, either as to the intention or the imitation. General Newton appears to have considered Lewis' plan, and to have deliberately rejected it, and to have proceeded on one directly opposite. The latter has proved successful. General Newton, in all he has done, that is complained of in this suit, has acted as an officer of the government, in its service and for its interest, judiciously, carefully, and without failure. He has not used Lewis' invention. He has done nothing for his own profit. There is nothing developed in the evidence to warrant the suggestions contained in one of the arguments submitted on the part of the plaintiffs, that General Newton put forth a snare to entrap the unwary, by inviting Lewis to invent an apparatus; that he announced to Lewis his intention of taking and using any patented invention which it might suit his purpose to use in the work; that he did not intend to waste any sentimentality on nice points in relation to the rights of patentees, so long as his own purposes were served, or to allow any scruples to interfere with his taking other people's property for the accomplishment of his own ends; that the infringement complained of was a matter of deliberate intention from the beginning; that General Newton has been robbing a poor man; and that the court has never had occasion to deal with a more unscrupulous, wanton, and cruel infringement. Some ideas are found in Lewis' patent, which, if worked out in such a manner as to produce a successful practical result, are valuable—a current-breaker, enclosing the working drills, and drill-guides near the rock, affixed to the current-breaker. But these ideas are so hampered in construction as to make the drill-guides dependent on the boat. General Newton took up, as any inventor had a right to do, the completed invention of Lewis, and, on examining it, found that it proceeded on an entirely wrong principle, if designed to accomplish the result of having a dam to act at the same time as a current-breaker and a fixed support for drill-guides near the rock, and he reorganized it on a new principle. He took up the apparatus where Lewis left it, and discarded Lewis' arrangement. These views are sustained by the experts for the defendants, General Tower and Professor Peck, and by the other evidence in the case.

A decree will be entered dismissing the bill, with costs.

[NOTE. Complainant appealed from the decree dismissing the bill, and the supreme court, in affirming the circuit court decree, held that the apparatus used by respondent was substantially different from that of complainant, for the following reasons: "(1) Because the dome, when in position for work, is not suspended from the boat, or any other floating structure; (2) because the funnel of the dome in the respondent's apparatus, though it is capable of being adjusted at different heights, is not, and never was, self-adjusting to varying depths of water; (3) because it has no self-anchors, free to slide, and self-adjusting at all times, while the apparatus is in use." Cammeyer v. Newton, 94 U. S. 225.

[Patent No. 80,492 was granted to S. Lewis, July 28, 1868; reissued January 26, 1875 (No. 6,249). For another case involving this patent, see Case No. 2,344. Patent No. 85.598 was granted to S. Lewis, January 5, 1869.]

## Case No. 2,346.

### In re CAMP.

[1 N. B. R. 242 (Quarto, 18.)] [3]

District Court, S. D. New York. Jan. 15, 1868.

ENJOINING DISPOSITION OF BANKRUPT'S PROPERTY.

Injunction to restrain bankrupt and other parties from disposing of the bankrupt's property until the further order of the court.

BLATCHFORD, District Judge. Upon filing proof sustaining the allegations of the petition aforesaid, it appearing to the court that a proper case exists, and on motion of Charles H. Smith, attorney for the petitioners, ordered that an injunction issue out and under the seal of this court to be directed to William A. Camp, his counsellors, attorneys, solicitors, and agents, and to Henry Welsh, Bernard Costello, and John W. Thorpe, reciting the order to show cause, granted herein, and enjoining them until the further order of this court, from making any transfer or disposition of any of the property of the said Camp, not excepted by the bankrupt act, from the operation thereof, and from any interference therewith; and in particular restraining the said Welsh, Costello, and Thorpe from proceeding to take possession or dispose of the property mentioned in the chattel mortgage set forth in said petition, and from all interference therewith until the further order of this court.

## Case No. 2,347.

### CAMP et al. v. The MARCELLUS.

[1 Cliff. 481.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1860. [2]

COLLISION BY PILOT'S FAULT—OBLIGATION TO EMPLOY PILOT—AUTHORITY OF PILOT — LIABILITY OF VESSEL.

1. Under the English statute, which declares owners not to be liable for loss or damage oc-

---

[3] [Reprinted by permission.]

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

[2] [Affirmed in Baxter v. Camp, 1 Black (66 U. S.) 414.]